```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRIAN SILVER,                                                 :
                           Plaintiff,                         :
                                                              :         MEMORANDUM
v.                                                            :         OPINION AND ORDER
                                                              :
ENTERGY NUCLEAR OPERATIONS, INC.,                             :         15 CV 1792 (VB)
DANIEL GAGNON, WAYNE GRIFFIN,                                 :
LAURENCE S. BAKER, Ph.D., and TESTING,                        :
INC.,                                                         :
                           Defendants.                        :
-------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Brian Silver, formerly a security officer at the Indian Point Energy Center ("Indian Point") in Buchanan, New York, brings this action alleging his employment was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Rehabilitation Act, 29 U.S.C. § 701 et seq.; and the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq.

Defendant Entergy Nuclear Operations, Inc. ("Entergy"), plaintiff's former employer, as well as defendants Daniel Gagnon and Wayne Griffin, who allegedly were involved in plaintiff's termination (together with Entergy, the "Entergy Defendants"), have moved to dismiss the complaint under Rule 12(b)(6). (Doc. #12).

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

The crux of the motion is the argument that plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which "governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." Caterpillar Inc.

v. Williams, 482 U.S. 386, 394 (1987) (internal quotation marks omitted).  The Entergy Defendants contend the Court must treat plaintiff's claims as LMRA claims because the claims are all "substantially dependent" on the interpretation of the collective bargaining agreement ("CBA") entered into by Entergy and the union that represents Indian Point security officers. (Entergy Defs.' Mem. at 1-2).  Therefore, the argument continues, plaintiff's claims must be dismissed because he has not exhausted the remedies afforded to him under the CBA, as he must to bring an LMRA claim.  See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983).

But the CBA was not attached to the complaint or incorporated therein by reference; nor is the CBA "integral" to the complaint because the complaint does not "rel[y] heavily upon its terms and effect."  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).  Indeed, the CBA is not even mentioned in the complaint.  The Court therefore may not consider the CBA in deciding the pending motion to dismiss.  See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 202-03 (2d Cir. 2013).  And without the CBA, the Court cannot decide whether the LMRA preempts plaintiff's claims. Thus, the Entergy Defendants' motion must be denied.  See Kaye v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d 412, 420 (S.D.N.Y. 2013) ("[B]ecause Defendant's Motion depends entirely on the CBA . . . the Court could deny the motion on the sole ground that the CBA . . . should not be considered at this stage.").

Nakahata is directly on point.  There, the district court dismissed the plaintiffs' state common law claims in part because "they were preempted by collective bargaining agreements," even though, as in this case, "[n]o CBAs were pled or attached to the complaints."  723 F.3d at 202.[1]  The Second Circuit reversed, holding that because "dismissal was premised on matter

---

[1] The district court also dismissed those claims "on the basis of pleading deficiencies unique to each claim."  Id.

outside of the pleadings," dismissal was "inappropriate." Id. at 203; see also id. ("[D]ismissal of those claims relied on the existence of a collective bargaining agreement, which was not included with the pleadings and could not be considered on a motion to dismiss."). In so holding, the Second Circuit rejected the notion "that Plaintiffs were responsible for pleading the CBAs in the complaints." Id. "It is a defendant's responsibility to raise preemption by the CBA as a defense," the court reasoned, and "a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." Id.

Nakahata distinguished I. Meyer Pincus & Associates v. Oppenheimer & Co., 936 F.2d 759 (2d Cir. 1991), upon which the Entergy Defendants rely, explaining that, while in Pincus it was proper to consider a prospectus "despite [its] not having been attached to the complaint" because "the plaintiff's claims were grounded solely in the language of [the] prospectus," in Nakahata the plaintiffs did "not ground their claims in the CBAs." 723 F.3d at 203 n.13. The same reasoning applies here. Plaintiff has not based his claims on the terms of the CBA.

The only other Second Circuit cases cited by the Entergy Defendants on this point, Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991), and L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419 (2d Cir. 2011), are distinguishable for the same reason. See id. at 422 (court could consider emails not attached to complaint because they "were 'integral' to the negotiation exchange" forming basis of complaint); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d at 44 (permitting consideration of documents "relied upon" by plaintiffs "in drafting their complaint").

Although the Court could consider the CBA by converting the motion to dismiss into a motion for summary judgment, see Fed. R. Civ. P. 12(d), the Entergy Defendants have not asked the Court to convert the motion, and the Court, in its discretion, declines to do so. See Kaye

3

v. Orange Reg'l Med. Ctr., 975 F. Supp. 2d at 419 ("Of course, the Court could consider the CBA . . . if it converted the motion to one for summary judgment . . . but Defendant has made no such request and the Court is disinclined to convert the motion at this time.").

Accordingly, the Entergy Defendants' motion to dismiss is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #12).

Dated: November 19, 2015
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge